**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Marshall Jean** ) | |
| 10 Castle Manor Court ) | |
| Garner, NC 27529 ) | |
| ) | |
| Plaintiff, ) | Civil Action No. _____ |
| v. ) | |
| ) | |
| **THOMAS VILSACK** ) | |
| **Secretary** ) | |
| U.S. Department of Agriculture ) | |
| 1400 Independence Ave., S.W. ) | |
| Washington, DC 20250, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT
(Employment Discrimination)

1.      Plaintiff, Marshall Jean, brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*, and 42 U.S.C. § 1981a, to remedy acts of discrimination in employment practices by the U.S. Department of Agriculture based on his disability (multiple myeloma cancer).

## JURISDICTION

**2.**      This Court has jurisdiction over the subject matter of this civil action pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 791.

## VENUE

3.      Pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3), venue is proper in this judicial district as the acts of discrimination occurred in this district and plaintiff's personnel records are maintained by defendant in the District of Columbia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.    All of the necessary administrative prerequisites for filing the above referenced claims have been met, as the agency issued a Final Agency Decision on November 22, 2021.

## PARTIES

5.    Plaintiff Marshall Jean is a citizen of the United States and of the State of North Carolina. He has been employed at the U.S. Department of Agriculture for 10 years.  He has not engaged in prior EEO activity.

6.    Defendant Thomas Vilsack is the Secretary of Agriculture and the head of the U.S. Department of Agriculture (USDA). The USDA is a department within the government of the United States that has employed more than 500 persons in each of the last 20 weeks. Mr. Vilsack is sued here in his official capacity only.

## STATEMENT OF FACTS

*Background*

7.    Plaintiff's permanent position of record is a GS-11, Occupational Health and Safety Manager, with the Department of Agriculture (USDA), Farm Production and Conservation (FPAC).

8.    At all times relevant to this Complaint, Kim Deal was the Facilities Space and Facilities Operation Chief, Farm Production and Conservation, Management Services Division and Mr. Jean's supervisor of record.

9.    From October 2018 to October 2019, Ms. Deal's supervisor was Robert Haughton, the Acting Branch Chief of Space and Facilities, Farm Production and Conservation, Management Services Division and Mr. Jean's second level supervisor.

10.    In or around October 2019, Mr. Sydney Fooks became the Branch Chief of Space and Facilities and Mr. Jean's second level supervisor.

*Plaintiff's Disability and Accommodation*

11.    Mr. Jean suffers from multiple myeloma cancer.  This condition limits Mr. Jean's ability to walk and his medication significantly compromises his immune system.

12.    As a reasonable accommodation for his disability, Mr. Jean works remotely full-time.

13.    Mr. Jean has successfully performed all job duties at home since 2017 and has received positive performance evaluations and accolades while working from home.

14.    Mr. Jean provided Ms. Deal notification of his disability and reasonable accommodation in 2018.

15.    Mr. Fooks became aware of Mr. Jean's disability and accommodation in 2019 through casual conversation.

16.    Prior to the creation of FPAC in 2018, Mr. Jean worked for the Natural Resources Conservation Service.

*Plaintiff Performs Grade 14 Duties*

17.    Mr. Jean took over safety officer duties from Angela Stowes, who had been compensated at the Grade 14 level for performing those duties in September 2013.  From September 2013 until 2018, Mr. Jean served as the National Safety Officer, managing the Natural Resources Conservation Service (NRCS) safety program.  Since 2018, he has performed the same role for FPAC.

3

18.     Mr. Jean's supervisor, Robert Schappert, developed a position description for Mr. Jean at the Grade 14 level in November 2014, and submitted a request for his promotion to the Grade 14 level.

19.     In 2015, Anita Byrd became Mr. Jean's supervisor.  Like Mr. Schappert, Ms. Byrd confirmed that Mr. Jean was performing Grade 14 duties at the time she supervised him. She too supported his promotion.

20.     In January 2015, Mr. Jean became seriously ill and was diagnosed with multiple myeloma.  From 2015-2018, Mr. Jean underwent active and debilitating treatment for his cancer.

21.     In 2018, when his cancer went into remission, Mr. Jean became more vocal in requesting a desk audit and promotion commensurate with his role and responsibilities.

22.     Also in 2018, the FPAC began operations.  Mr. Jean and the safety manager from the Farm Services Agency (FSA) were assigned to FPAC.  At that time, the occupational safety and health manager for the FSA, Mr. Jean's counterpart, was a Grade 15.  Mr. Jean was still paid as a GS-11.

23.     Mr. Jean's letter reassigning him to FPAC, signed by a Human Resources official, stated that he would be an Occupational Health and Safety Manager at FPAC, not a Specialist as Ms. Deal later claimed.

24.     At both NRCS and FPAC, Mr. Jean has been responsible for developing overarching safety standards and regulations for the safe operation of agency processes. He develops safety and occupational health program elements for agency implementation. He independently coordinates safety and occupational health activities, initiating and interpreting program goals while setting program priorities.

25.    Mr. Jean also reviews the content of internal and external communications and corrects program deficiencies.  In preparation for the president's yearly OSHA report, Mr. Jean collects and analyzes data related to accidents, injuries and property losses.

*Management Denies Plaintiff's Request for A Desk Audit and Promotion*

26.    In October 2020, Mr. Jean requested a desk audit in order to demonstrate that he was working at the Grade 14/15 level.

27.    Ms. Deal told Mr. Jean that he should be happy with his Grade because he is disabled and working from home.  Shortly thereafter, Ms. Deal denied Mr. Jean's request for a desk audit.

28.    Ms. Deal indicated that she denied the desk audit because Mr. Jean's position description was accurate.  However, the position description she referenced did not describe the duties Mr. Jean was assigned and had not been certified by his supervisor at the time it was created.

29.    Ms. Deal certified the Grade 11 position description in 2020 even though it did not describe the duties assigned to, and performed by, Mr. Jean.

30.    In 2020, Stephen Cervantes (no disability) was hired as a Grade 13 employee with the title of Occupational Safety and Health Manager, even though he had no experience as a safety manager or specialist.

31.    Mr. Jean has had to train Mr. Cervantes on all of his duties, even though Mr. Cervantes is compensated at a higher grade than Mr. Jean.

## STATEMENT OF CLAIM

32.     As described above, Defendant, through subordinate USDA management, has discriminated against plaintiff on the basis of his disability and in retaliation for his reasonable accommodation when he was denied a desk audit, denied pay commensurate with his responsibilities, and forced to train a new employee at a higher grade level.

33.     As a consequence of such disability-based discrimination, Mr. Jean has suffered and continues to suffer career damage, personal and professional humiliation, and emotional pain, as well as lost salary and benefits, including retirement benefits.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against Defendant on the claims of unlawful discrimination in violation of Title VII of the Civil Rights Act, and provide him with the following relief:

(a) order Defendant to promote Plaintiff to the Grade 14 level;

(b) award Plaintiff compensatory damages against Defendant in the amount of $300,000.00, plus interest thereon;

(c) order Defendant to correct Plaintiff's personnel file show that he performed at the GS-14 level from September 2013 to present.

(d) award Plaintiff back pay including contributions to retirement for the time he worked as a Grade 14 but was paid at the Grade 11 level.

(e) enjoin Defendant from further discriminating against Plaintiff;

(f) award Plaintiff the costs of bringing and maintaining this civil action and the administrative complaints that necessarily preceded it, including reasonable attorneys' fees; and

(g) award Plaintiff such other and further relief as the interests of justice may require.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues of fact, including the measure of damages.

Date: February 18, 2022                    Respectfully submitted,

   /s/ Ellen K. Renaud
Ellen K. Renaud
Bar No. 479376
ALAN LESCHT & ASSOCIATES, P.C.
1825 K Street, N.W., Suite 750
Washington, DC 20005
Tel (202) 852-8483
Fax (202) 463-6067
Email – ellen.renaud@leschtlaw.com

Attorney for Plaintiff

7